REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
You have called our attention to LB 898, and have asked whether we would defend it in the courts, if you can get it enacted. We are not in a position to give you a categorical answer, because it would be necessary to evaluate a great deal of evidence about the validity of the underlying rationale of the bill before we could reach a firm decision.
LB 898 would amend Neb.Rev.Stat. §§ 77-3606 to 77-3608
and 77-3610 (Supp. 1981), and repeal Neb.Rev.Stat. §§77-3611 to 77-3615 (Supp. 1981). The amendments would extend for another fiscal year the method of distribution of $70,000,000 in state aid to political subdivisions. This method is currently scheduled to terminate at the end of this fiscal year.
The provisions to be amended were a part of LB 284, passed in 1981. They base the distributions to the counties, for later distribution to the political subdivisions within each county, upon the assessed valuation in each county of agricultural real estate, commercial-industrial real estate, and suburban-residential real estate. One million dollars is to be distributed each year and proportioned to suburban-residential real estate, $37,977,600 in proportion to agricultural real estate, and $31,022,400 in proportion to commercial-industrial real estate.
We discussed these provisions in Opinion No. 62 to Senator Carsten dated March 31, 1981. We said in that opinion that we would be willing to attempt to defend those provisions, which were scheduled to expire at the end of this fiscal year. We did so because the distribution was designed to be a replacement of taxes lost because of the exemption of certain classes of personal property, that there arguably could be a rough correlation between the amount of agricultural real estate in a county and the agriculturally-related exemptions claimed in that county, and the same correlation between commercial-industrial real estate and business inventories.
The amounts to be distributed on the basis of agricultural real estate and of commercial-industrial real estate were determined by using the three-year average from 1975 to 1977 of agricultural exemptions and business inventory exemptions. In order to justify using this three-year average, it is necessary to assume that the percentages established by that average continue at about the same levels. This, of course, runs into the `frozen classification' problem which was the basis of the court's invalidating LB 882 in State ex rel. Douglas v. Marsh, 207 Neb. 598
(1980). The more remote the basis for the classification, the more suspect it is. The bill would attempt to distribute the money on the basis of a period which ended five years before the distribution. The court might well hold this too remote.
Further, of course, we said in our opinion to Senator Carsten that LB 284 presented numerous difficult questions, and that we could not predict with any assurance what the court would say when confronted with them. A county attacking the bill might, for example, undermine the entire rationale of the distribution by proving that there was not, in fact, any particular correlation between assessed valuations of the various kinds of real estate involved in a county and the amount of personal property exemptions claimed in that county for the years 1975-77.
In short, the qualms we had about LB 284 have not lessened, and LB 898 adds to them by increasing the danger of a `frozen classification' ruling. Unless a factual investigation showed we had no reasonable hope of successfully defending the bill, we would probably attempt to do so, but we would be apprehensive about the result, particularly in view of the chaos which would result from a failure.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General